UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Coleman E Calloway,

        Plaintiff,

  v.

Jeremy Gill et al.,

        Defendants.

CASE NO. 3:19-cv-06069-RBL-JRC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff Coleman E. Calloway, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff alleges his constitutional rights were violated when he was pepper sprayed and placed in segregation after refusing to follow the directions of a corrections officer, defendant Gill. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve plaintiff's complaint because plaintiff has yet to plead sufficient facts to demonstrate that defendants violated his constitutional rights. However, the Court provides plaintiff leave to file an amended pleading by January 4, 2020, to cure the deficiencies identified herein.

|   | BACKGROUND |
|---|---|
| 1 | |

|   |   |
|---|---|
| 2 | In his complaint, plaintiff, who is currently housed at Coyote Ridge Corrections Center |
| 3 | ("CRCC"), alleges that defendant Gill retaliated against him and used excessive force, and he |
| 4 | was subjected to inhumane conditions of confinement. Dkt. 6. |
| 5 | Plaintiff alleges that on November 11, 2017, defendant Gill announced a directive over |
| 6 | the speaker system that plaintiff did not understand. Dkt. 6 at 3. Plaintiff alleges that he |
| 7 | approached the officers' station and asked defendant Gill for clarification of the directive. *Id.* |
| 8 | Plaintiff alleges that defendant Gill stated, "I do not want those offenders standing there |
| 9 | watching the game." *Id.* Plaintiff alleges that he responded by saying that "sex offenders cannot |
| 10 | sit down and watch T.V. so could you give them a [break] and let them watch the game it's |
| 11 | Thanksgiving!" *Id.* |
| 12 | Plaintiff alleges that defendant Gill became aggravated which plaintiff assumed was |
| 13 | because plaintiff didn't feel the same way towards sex offenders as defendant Gill. *Id.* Plaintiff |
| 14 | alleges that defendant Gill accused plaintiff of being argumentative. *Id.* Plaintiff responded that |
| 15 | he was not arguing and began to "retreat." *Id.* Plaintiff alleges that defendant Gill demanded that |
| 16 | plaintiff "cell up." *Id.* Plaintiff asked defendant Gill what he had done wrong. *Id.* Plaintiff alleges |
| 17 | that defendant Gill "aggressively" yelled "cell up or cuff up." *Id.* |
| 18 | Plaintiff alleges that he said "I don't know what is going on with you. But I want to talk |
| 19 | with Sgt. Todd." *Id.* at 3. Plaintiff alleges that defendant Gill then became "enraged" and started |
| 20 | yelling, swearing, and cursing. *Id.* Plaintiff alleges that he ran away towards Sgt. Todd. *Id.* |
| 21 | Plaintiff alleges that defendant Gill then attacked plaintiff by spraying him with pepper spray. *Id.* |
| 22 | Plaintiff alleges that he was placed in segregation where he was abused and degraded. *Id.* |
| 23 | Plaintiff alleges that he was stripped down and sprayed with ice cold water which caused |
| 24 | |

1  "serious burning." *Id.* at 3-4. Plaintiff alleges that pepper spray got into his eyes and caused an

2  ear ache. *Id.* at 4. Plaintiff alleges that he suffers psychological damage, has lived in fear for the

3  last two years, and has become reclusive. *Id.*

4  Plaintiff seeks monetary damages. Dkt. 6.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently allege that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second step, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's complaint does not sufficiently allege these claims, which will result in dismissal of his case if not corrected in an amended complaint.

**A. Retaliation**

Plaintiff alleges that defendant Gill retaliated against him. Dkt. 6. "'[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'" *Johnson v. California*, 543 U.S. 499, 510 (2005) (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). To prevail on a retaliation claim, a plaintiff must allege and prove the defendants retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo v. Dawson,* 778 F.2d 527 (9th Cir. 1983).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "Mere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

Plaintiff alleges that he was pepper sprayed and for making remarks to defendant Gill. Dkt. 6. However, plaintiff's own allegations add that in addition to his statements of criticism, he defied two orders from defendant Gill to go to his cell and attempted to physically run away from defendant Gill. Dkt. 6. at 3. Thus, according to the complaint, plaintiff was not pepper sprayed simply for what he said. *Id.* Rather, as the complaint explains, plaintiff refused to comply with defendant Gill's directive and was trying to physically evade defendant while

challenging defendant Gill's directive. Plaintiff has supplied the non-retaliatory motivation for defendant Gill's actions. Namely, his failure to follow defendant Gill's directive and orders to return to his cell. Plaintiff has not alleged any facts demonstrating that plaintiff's remarks alone motivated defendant Gill to take action. Accordingly, plaintiff fails to state a First Amendment retaliation claim against defendant Gill. Plaintiff must show cause why this claim should not be dismissed.

**B. Excessive Force**

Although the complaint is not entirely clear, it appears that plaintiff alleges that defendant Gill used excessive force when he sprayed plaintiff with pepper spray. *See* Dkt. 6.

When a prison official authorizes the use of excessive force against a prisoner, that official violates the prisoner's Eighth Amendment right to be free of cruel and unusual punishment. *Clement v. Gomez,* 298 F.3d 898, 903 (9th Cir. 2002). Force does not amount to a constitutional violation if it is "applied in a good faith effort to restore discipline and order and not 'maliciously and sadistically for the very purpose of causing harm.'" *Id.* (quoting *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986)).

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of the injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson v. McMillian,* 503 U.S. 1, 7 (1992). Because the use of force relates to the prisoner's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley,* 475 U.S. at 321–22.

1  Plaintiff has not alleged facts demonstrating that defendant Gill used pepper spray "maliciously and sadistically for the very purpose of causing harm." *See Hudson,* 503 U.S. at 6. Rather, plaintiff's allegations that defendant Gill's used pepper spray after plaintiff refused to comply with two orders to return to his cell falls within the wide-range of deference accorded to prison officials in shaping ""prophylactic or preventive measures intended to reduce the incidence of ... breaches of prison discipline." *Whitley v. Albers,* 475 U.S. 312, 322 (1986). Further, while plaintiff alleges that the pepper spray got in his eyes and he had an ear ache for several days, plaintiff fails to allege any facts demonstrating that he suffered any serious injuries or required follow up medical treatment as a result of his exposure to the pepper spray.

Accordingly, plaintiff has not sufficiently alleged facts supporting an excessive force claim against defendant Gill. If plaintiff wishes to pursue this claim, he must provide an amended complaint with a short, plain statement explaining how defendant Gill's actions violated plaintiff's constitutional rights and what harm plaintiff suffered as a result.

**C. Conditions of Confinement**

Plaintiff alleges that his Eighth Amendment rights were violated when he was subjected to cruel and unusual punishment. Dkt. 6.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Under the Eighth Amendment, prison officials are required to provide prisoners with basic life necessities, such as food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* "To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind." *Id.* at 834 (internal quotations omitted). "In prison-conditions cases th[e] state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Id.* (*citing Wilson v. Seiter*, 501 U.S. 294,

302-03 (1991)). To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotations omitted). "In prison-conditions cases th[e] state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). A prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837.

In addition, to state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's complaint fails to identify any defendant who personally participated in the alleged constitutional violation. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

Plaintiff alleges that he was humiliated, belittled, abused, and degraded. Dkt. 6 at 3. Plaintiff alleges that he was stripped down, told to bow down on his knees, and sprayed with ice cold water. *Id.* Plaintiff alleges that the water caused serious burning. *Id.* at 4. However, plaintiff has not identified any defendant who disregarded an excessive risk to his health or safety. The facts as alleged by plaintiff demonstrate that plaintiff was decontaminated with cold water immediately after the incident to minimize the effect of the pepper spray.

Accordingly, plaintiff has not sufficiently alleged facts supporting a claim of cruel and unusual punishment against any of the named defendants. If plaintiff wishes to pursue this

claim, he must provide an amended complaint with a short, plain statement explaining exactly what actions were taken by each defendant, how each defendant's actions violated plaintiff's constitutional rights, what harm plaintiff suffered as a result, and whether any of the named defendants had knowledge of plaintiff's harm or risk of harm.

**D. Defendant Sinclair**

Plaintiff names defendant Sinclair, "Director State of Washington Department of Corrections," in his complaint, but fails to allege any factual allegations against him. *See* Dkt. 6. In order to state a civil rights claim, a plaintiff must set forth the specific factual basis upon which he claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. Dept. of Soc. Serv. Of New York*, 436 U.S. 658, 694 n.58 (1978); *Padway v. Palches*, 665 F.2d 965, 967 (9th Cir. 1982). Rather, each defendant must have personally participated in the acts alleged. *Id.* "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Peña v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A plaintiff can prove causation under § 1983 only if plaintiff demonstrates a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold,* 637 F.2d at 1355 (quoting *Johnson v. Duffy,* 588 F.2d 740, 743–44 (9th Cir. 1978)). Even construing plaintiff's amended complaint liberally, he has failed to allege sufficient facts to support a claim against defendant Sinclair. Plaintiff does not allege how defendant Sinclair was involved in the alleged

constitutional violations or how defendant Sinclair violated his rights in any way. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (finding a plaintiff must show how a defendant caused or personally participated in causing the harm alleged in the complaint).

Accordingly, plaintiff has not sufficiently alleged facts supporting a claim under the against defendant Sinclair. If plaintiff wishes to pursue a claim against defendant Sinclair, he must provide an amended complaint with a short, plain statement explaining exactly what actions were taken by defendant Sinclair, how defendant Sinclair's actions violated plaintiff's constitutional rights, what harm plaintiff suffered as a result, and whether defendant Sinclair had knowledge of plaintiff's harm or risk of harm.

**C. Instructions to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve plaintiff's complaint. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The second amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint

supersedes all previous complaints. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of plaintiff's rights.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before January 4, 2020, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 4th day of December, 2019.

J. Richard Creatura
United States Magistrate Judge